**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| RYAN SMITH,<br><br>Plaintiff,<br><br>v.<br><br>SUZANNE ADAMS, et al.,<br><br>Defendants. | CASE NO. 1:26-CV-382-HAB-ALT |

**OPINION AND ORDER**

Pro se Plaintiff Ryan Smith ("Smith") filed a complaint and seeks leave to proceed in forma pauperis. (ECF 1, 2). Smith, who listed his address as being in California but sent the complaint from New Jersey, alleges that the twenty-one (21) Defendants intend to unconstitutionally redraw existing district boundaries and requests that the Court issue a writ of mandamus. (ECF 1, 1-1). The Court need not look far to identify this filing. A PACER search reveals that as of the time of writing, "Smith" has bombarded more than two dozen different federal courts across the country—including this one—with the same or a similar devoid-of-fact complaint.[1]

Under 28 U.S.C. § 1915, the court "may authorize the commencement [of this action] without pre-payment of fees [if] the person is unable to pay such fees . . .." A person is unable to pay the filing fee if "because of his poverty [doing so would result in the inability] to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (quotation marks omitted). In a Chapter 7 Bankruptcy case, the filing fee

---

[1] *See, e.g.*, *Smith v. Adams et al.*, Case No 8:26-cv-413-JFB-PRSE (D. Neb. Aug. 10, 2026); *Smith v. Adams et al.*, Case No: 1:26-cv-643-LM-AJ (D. N.H. Aug. 10, 2026); *Smith v. Adams et al.*, Case No: 1:26-cv-2612-JMR (D. N.M. Aug. 10, 2026); *Smith v. Adams et al.*, Case No: 4:26-cv-488-SHE-CDL (N.D. Okla. Aug. 10, 2026); *Smith v. Adams et al.*, Case No: 4:26-cv-60-DC-CF (W.D. Tex. Aug. 10, 2026); *Smith v. Adams et al.*, Case No: 1:26-cv-25449-LFL (S.D. Fla. Aug. 12, 2026).

may be waived "if the court determines that such individual has income less than 150 percent of the income official poverty line. . .." 28 U.S.C. § 1930(f)(1).[2] This is not a Bankruptcy case, but the judicial discretion afforded by 28 U.S.C. § 1915 permits application of the same threshold. *See Merritte v. Templeton*, 493 F. App'x 782, 784 (7th Cir. 2012) ("Courts have wide discretion to decide whether a litigant is impoverished."). The Poverty Line is set annually by the United States Department of Health and Human Services. 42 U.S.C. § 9902.

But "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid," the Court must dismiss the case if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Smith's financial affidavit states he has $90 in his bank account, $920 per month of income, and pays $600 per month in rent. (ECF 2). This would mean he financially qualifies to proceed in forma pauperis. But that is of no moment here because reviewing Smith's allegations liberally as the Court must do, his complaint must be dismissed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (providing that a *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers . . . .").

Smith's complaint lacks many details needed to determine if he can state a legal claim. (ECF 1). It does not explain what district boundaries the Defendants intend to redraw, how they have the power to redraw them, how they intend to redraw them, or how the purported redraw would be unconstitutional. He also states nothing that supports a basis for the Court to exercise jurisdiction. Nothing in the complaint establishes who any of the Defendants are or how any of

---

[2] S*ee* https://www.uscourts.gov/sites/default/files/document/poverty-guidelines.pdf (150% Poverty Guideline table).

them are subject to personal jurisdiction in Indiana. No facts suggest that any defendant is from the state, and no events have been described that occurred in the state.[3]

Given these glaring deficiencies and Smith's track record of frivolous filings, the Court finds the complaint here meritless and frivolous. Amendment would thus be futile. *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519–20 (7th Cir. 2015).

For these reasons, the Court:

(1) DENIES Smith's Motion to Proceed in Forma Pauperis (ECF 2); and

(2) DISMISSES this case WITH PREJUDICE.

**SO ORDERED** on August 26, 2026.

s/Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT

[3] Given the type of allegation and some of the Defendants' unique names, it is quite possible that the Defendants are judges in the New York State Unified Court System. If this is the case, Smith cannot pursue claims against any judge who presided over a state court proceeding because judges are immune from liability for actions taken in their official roles. *See Coleman v. Dunlap*, 695 F.3d 650, 652 (7th Cir. 2012); *Imbler v. Pachtman*, 424 U.S. 409, 422–24 (1976).